IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>SURJIT SINGH,<br><br>   Debtor.<br><br>JPMORGAN CHASE BANK, N.A.,<br>(and its Successors and Assignees)<br><br>   Garnishee. | Case No. 2:22-MC-184-JAM-KJN<br><br>FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF GARNISHMENT<br><br>Criminal Case No. 2:13-CR-84-JAM<br><br>(ECF No. 13.) |

Before the court is the United States' request for issuance of a final order of garnishment against certain property of defendant Surjit Singh, under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(c)(7).[1] (ECF No. 10.) The government seeks to garnish defendant's non-exempt property and accounts maintained by Chase Bank ("Garnishee") in an effort to collect on the approximately $1.4 million defendant owes under his 2018 federal criminal judgment in this court. As explained below, the undersigned recommends granting the request.

---

[1] This matter is before the undersigned for findings and recommendations pursuant to Local Rule 302(c)(7) and 28 U.S.C. § 636(b)(1)(A).

**BACKGROUND**

On November 9, 2018, defendant was sentenced in criminal case number 2:13-CR-84-JAM ("Crim."), and ordered to pay statutory assessment of $1,200.00, a fine of $2,000,000.00, and restitution of $698,787.93, for total criminal monetary penalties of $2,699,987.93.  (Crim. ECF No. 261 at 7.)  These criminal monetary penalties were made payable due immediately.  (Id. at 9.)  As of August 22, 2022, defendant still owes $1,448,866.51 of the Judgment Amount.  (ECF No. 10 at 2.)

In an attempt to collect the balance of these criminal monetary penalties, the government filed an application for a writ of garnishment against any property in the Garnishee's possession in which defendant has an interest, including property held in his spouse Beera Kaur's name in which he has an interest.[2]  (ECF No. 1.)  The Clerk of Court issued the writ of garnishment on June 10, 2022.  (ECF No. 4.)  The government served the writ and its attachments on Garnishee (ECF No. 5) and also served defendant and his spouse with copies (ECF Nos. 6, 7).  The documents served on defendant and his spouse advised them, among other things, of their rights to claim exemptions to garnishment and request a hearing on such claims, to request a hearing to quash the writ, and/or object to the Garnishee's answer and request a hearing thereon.  (Id.)

On July 28, 2022, Garnishee filed an Acknowledgement of Service and Answer stating that it possesses two online checking accounts in which defendant and his spouse maintain an interest—with an approximate value of $444,684.28.  (ECF No. 8.)  Garnishee served its answer on defense counsel, defendant's spouse, and the government.  (Id.)

Neither defendant nor his spouse filed any objections, nor did either file a claim of exemption or request for hearing.  The government now seeks a final order of garnishment directing the Garnishee to pay the Clerk of the United States District Court all of the funds (approximately $444,684.28) held by Garnishee in which defendant has an interest.[3]  (ECF No. 10 at 3.)

///

---

[2] Another related garnishment action against defendant is also pending in this court.  Case No.  2:19-mc-57-MCE-KJN.

[3] The government does not request the court in this action to authorize recovery of the litigation surcharge of $269,878.80 owed by defendant under 28 U.S.C. § 3011(a) ordered by the court in a related garnishment action against Mr. Singh, Case No. 2:19-mc-57-MCE-KJN.  (ECF 29.)  Accordingly, the court does not address the recovery of the litigation surcharge in this action.

**DISCUSSION**

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005). The FDCPA establishes the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." Id.; see 28 U.S.C. §§ 3001(a)(1), 3002(3)(B).

The FDCPA permits the court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located." Id. Property is defined under the FDCPA to include, as relevant, "any present or future interest, whether legal or equitable, in real, personal . . . , or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust . . .)[.]" 28 U.S.C. § 3002(12).

The FDCPA requires the government to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(d). After the garnishee files an answer, and if no hearing is requested within the required time period, the court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, defendant's interests in the two checking accounts in Garnishee's possession are property as defined under the FDCPA and are therefore subject to garnishment. Further, the United States complied with the FDCPA's requirements regarding an application for writ of garnishment. Neither Garnishee nor his spouse timely filed a request for a hearing under 28 U.S.C. § 3202(d), objections to Garnishee's answer, or otherwise responded to the government's application with respect to these two accounts. Therefore, a garnishment order must issue.

**CONCLUSION**

Accordingly, IT IS RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Garnishment (ECF No. 10) be GRANTED;

2. JPMorgan Chase Bank, N.A., be directed to pay the Clerk of the United States District Court all of the funds held by Garnishee in checking accounts ending in ****0912 and ****1776 within fifteen (15) days of the filing of the Final Order.  Payment shall be made in the form of a cashier's check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> United States District Court, Eastern District of California
> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (2:13-CR-84-JAM) shall be stated on the payment instrument;

3. The court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

4. The garnishment shall terminate when the payment is deposited with the Clerk of the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 26, 2022

sing.0184

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE